WALTER FOWLER V. THE STATE.

No. 23363. Delivered May 22, 1946.
Rehearing Denied June 26, 1946.

The opinion states the case.

*Art Schlofman,* of Dalhart, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Passing a forged instrument is the offense; the punishment, two years in the penitentiary.

The record is before us without a statement of facts or bills of exceptions.

Nothing is presented for review.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant has filed a motion for a rehearing, accompanied by his affidavit and that of his attorney, in which he alleges that he was deprived of a statement of facts without any negligence or fault on his part or that of his attorney. The State, by and through its District Attorney, has filed controverting affidavits and caused a supplemental transcript to be forwarded by the District Clerk of Dallam County to this court.

The record reflects that on the 14th day of December, 1945, appellant's motion for a new trial was overruled to which he duly excepted and gave notice of appeal to this court. He was granted fifty days in which to file a statement of facts and bills of exception, which time expired on the night of February 2, 1946. However, prior thereto, on the 16th day of January, 1946, he filed an affidavit in which he stated that he was financially unable to pay for a statement of facts and prayed for an order to require the court reporter to make a statement of facts in narrative form, but did not ask for any additional time in which to file the same. However, under the statute, he had ninety days in which to file it, notwithstanding the court's order, but not as to filing the bills of exception. On the 21st day of January, 1946, the court ordered the court reporter to make a statement of facts in narrative form. On the 4th day of February, 1946, the court reporter completed the statement of facts and forwarded the same to appellant's attorney by prepaid express; that on or about the 10th day of February, appellant's attorney presented the same to the District Attorney for approval. The District Attorney examined the same, and on the 12th day of February, 1946, approved the same, but up to the 10th day of May, it had not been filed with the Clerk of the District Court of Dallam County, which was more than 148 days after notice of appeal was given.

Under the facts as here disclosed, we are not in a position to say that appellant was deprived of a statement of facts without his fault. We, therefore, overrule his motion for a rehearing.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.